

E. DANYA PERRY
PHONE 212.399.8340
EMAIL dperry@perryguha.com

July 21, 2021

VIA ECF AND EMAIL

Honorable Richard J. Sullivan
United States Circuit Judge
United States Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, New York 10007

    Re:    *United States v. Keith Allen*, S45 16 Cr. 522 (RJS)

Dear Judge Sullivan:

    We write on behalf of our client, Laurence Keith Allen, in the above-captioned matter. Pursuant to the Court's Order, dated June 29, 2021, we respectfully request that Mr. Allen be permitted to appear remotely via ZoomGov videoconference for his sentencing, scheduled for August 3, 2021, at 2:00 p.m. *See* ECF No. 1813. Counsel has discussed this request with the government, and we have been authorized to inform the Court that the government does not object to a remote sentencing for Mr. Allen.

    Mr. Allen, a dual citizen of the United States and Costa Rica, has resided in Costa Rica since approximately 2001 and has remained there throughout the COVID-19 pandemic. Traveling to New York for sentencing would be risky and challenging for Mr. Allen, through no fault of his own, and potentially traumatic for his special-needs sons. We respectfully submit that a remote sentencing for this misdemeanor offense is uniquely justified in this case, and that it is appropriate pursuant to Federal Rule of Criminal Procedure 43(b)(2).

    First, the global pandemic has not been well-contained in Costa Rica, and the vaccine roll-out there has been slow. Mr. Allen only just became eligible in Costa Rica last week to receive the COVID-19 vaccine, due to his age bracket. The first appointment he was able to secure was for August 5, 2021 (two days after the sentencing). He has not been provided a date for his second vaccine and, due to limited access to the vaccine in Costa Rica, Mr. Allen understands that he may need to wait as long as 12 weeks until he can receive a second vaccine dose. Due to their special needs, Mr. Allen's sons were in an early priority category for the vaccine, receiving their first shots on June 30, 2021. However, because of the aforementioned vaccine shortages, the boys will not be fully vaccinated until they receive their second shots on September 15, 2021.

    Second, Mr. Allen is the sole caretaker for his children in Costa Rica. As reflected in the Presentence Investigation Report ("PSR") prepared by the Probation Department, Mr. Allen's children can "have emotional explosions in response to even subtle changes to their environment." *See* PSR at ¶ 37. Because of the children's special needs, the family isolates itself and every member either works or attends school remotely. Were Mr. Allen to travel abroad, he would have



to quarantine before seeing his children again.  An in-person sentencing that would require Mr. Allen to travel outside the country and quarantine for a meaningful period of time would risk traumatizing his young boys.

Particularly during this time of pandemic, allowing Mr. Allen to be sentenced remotely from his home in Costa Rica will help to ensure proper continuity of care for his sons and will avoid the introduction of an unnecessary health risk for Mr. Allen or his family.  For these reasons, allowing Mr. Allen to conduct the proceedings remotely pursuant to Federal Rule of Criminal Procedure 43(b)(2) would be both appropriate and compassionate.

Finally, we note that the Probation Department found that "[t]he defendant is viewed as a good candidate for voluntary surrender. . . . He is not viewed as a flight risk or a danger to the community."  *See* PSR at 29.  If the Court permits a remote sentencing proceeding and Mr. Allen is sentenced to any term of imprisonment, Mr. Allen would prepare accordingly and make appropriate arrangements for his children before voluntarily surrendering.  While his absence would have significant negative consequences for his sons, Mr. Allen is committed to accepting a just and appropriate sentence from the Court.

Thank you in advance for Your Honor's time and consideration.

Respectfully Submitted,

E. Danya Perry
George M. Barchini

cc: Counsel of record (via ECF)

```
In light of the compelling reasons given above, including the COVID-19
pandemic and the hardship that Defendant's traveling and quarantining could
create for his children, Defendant's unopposed request to proceed remotely
for sentencing on his misdemeanor offense is GRANTED.  See Fed. R. Crim. P.
43(b)(2).  The Court will issue further instructions for the parties about
accessing the August 3, 2021 sentencing through a ZoomGov videoconference;
members of the public can monitor the proceeding via the Court's free
audio-line by dialing 1-888-363-4749 and using access code 3290725#.

SO ORDERED.
Dated: July 21, 2021
New York, New York
                                           RICHARD J. SULLIVAN
                                           UNITED STATES CIRCUIT JUDGE
                                           Sitting by Designation
```

35 East 62nd Street, New York, NY 10065
MAIN 212-399-8330 | FAX 212-399-8331 | WEBSITE www.perryguha.com